Curia, per
Johnson, J.
The rule very clearly is that laid down in Manning vs. Norwood, 2 Mill, 374. The bailee of a chattel cannot call in question the bailor’s right of property in it, in an action brought against him to recover it. This is the general rule, and the principle upon which it proceeds is, that the bailee ought not to be allowed to avail himself of the advantage, derived from a confidence reposed, which possession gives him. But the principle does not hold when the return of the possession would subject the bailee to the value of the property. What is the situation of these parties 1 The defendant took possession of the negro under the authority of Asa Singleton. Seth Singleton gives him notice that, before that time, Asa had sold and transferred the negro to him, and he exhibits a bill of sale as proof of that fact. If defendant restore the possession to Asa after this notice, it is unquestionably a conversion, and he would be liable to Seth. He stands, then, in the situation of a stake-holder, who, if he acts at all, must act upon his own responsibili *253 ty, as in the case of Burrough vs. Skinner, 5 Bur. 2639, where the defendant, an auctioneer, had undertaken to sell an interest in lands to the plaintiff, who paid him a deposit of £50, but on a well founded objection to the circumstances connected with the sale, she declined perfecting the contract, and brought this action to recover the deposit; and it was held that she was entitled to recover ; and the court say he was a stake-holder, a mere depositary of the £50, and ought not to have parted with it till such time as the sale was finished and completed, and it should appear in the event to whom it properly belongéd.
As observed in Manning vs. Norwood, there is a striking analogy between this rule and that which denies to the tenant the right to call in question the title of his landlord; and yet, in McKie vs. Garlington, 3 McC. 276, where the tenant in an action at the suit of the landlord disclaimed, a stranger was allowed to come in and controvert his title. Here, the defendant disclaimed any right to the negro himself, and offered to prove that Seth had sent him Asa’s bill of sale, for the purpose of defending this action, and thus, in effect, constituting him his agent for that purpose.
The rule in Manning vs. Nonoood does not, therefore, apply: 1st. Because, by restoring the possession to plaintiff, the defendant would subject himself to an action at the suit of Seth ; and 2d. Because, in effect, it is Seth, and not the defendant, who controverts his right.
Motion granted.
O’Neall and Harper, JJ. concurred.